The first case this morning is ABC Learning v. RCS Capital. Mr. Lachance. Good morning. May it please the Court, my name is Craig Lachance. I represent the appellant RCS Capital Development. I would ask for two minutes for rebuttal. Surely. Our position on this appeal is that the Bankruptcy Court's recognition order should be vacated or modified. Chapter 15 of the Bankruptcy Code allows for recognition of foreign proceedings which entitles a foreign debtor to substantive relief, including the automatic stay. But this is a collective proceeding. I mean, there's really no essential difference between the Australian proceeding and our bankruptcy code. But I mean, I realize that creditors can go through and get a receiver appointed and that's not part of the system. Your Honor, I'm not disputing that the liquidation or the liquidators that moved for the recognition are a collective proceeding. My argument is really that the parties... Ownership and control. Yes, exactly. That the parties that possess the assets in this case, that are deriving all of the benefit from recognition in this case, are the receivers that are administering a non-collective proceeding. But they're the secured... They are the representatives for a banking syndicate, which is the secured creditors of the foreign debt. And therefore, their debt should have priority over the unsecured creditors. Well, and their debts do have priority. Under Australian law, they were able to take possession of the assets. The second that ABC declared its insolvency, the receivers stepped in, took control of the assets, and have been managing the day-to-day operations of the company and realizing their assets for the benefit of the banking syndicate. And if the assets of the company exceeded the secured debts, then that excess would be available for the unsecured debtors, right? That is correct, yes. Yes, but in this case, the company was fully secured. Okay, so if the company is fully secured, then what right do the unsecured debtors have to try to come in underneath? They would have a right. The company is fully secured. I think the way we need to look at this, and the best way to look at this, is that we could treat this as if there is just one proceeding. I realize that there is the liquidation. But if there had only been the receivership proceeding, if there had not been any liquidation proceeding, and that is a possibility under Australian law, there would be no problem, and unsecured creditors, RCS, the creditor in this case, could go after the receivership. Well, that's a little like saying, if things were different, they'd be different, right? I mean, you posited a hypothetical where the liquidation doesn't occur, but it did occur. In Section 1517, it's pretty clear in saying that if, after notice and hearing, an order recognizes there's a foreign proceeding, the court shall enter an order to that effect, right? I mean, that's not any discretion there. If it meets, if you can go down and tick off the list and it meets it, the court shall order it. Isn't that the import of the statute? That is. And the liquidation did occur. I guess my argument is that in this situation where you have a receivership that is dominating the liquidation, that admits that it's dominating the liquidation, where the liquidation really didn't even care about getting recognition, where the receivers went and asked the liquidators to get them recognition, where you have, as I outlined in the briefs, essentially a ruse. Well, ruse is a pretty strong word, right? You've got, you have a legally existing liquidation. It's there and saying, if it weren't there, this case would be different, doesn't seem to me to advance your cause at all. It's there, and by definition, it meets what the statute calls for. So, why don't we take it past that, because that doesn't seem to me to be, you know, your strongest argument. And address for a moment, if you would, your assertion that there's a, there's something inequitable or wrong about the stay kicking in here. Well, in this case, we believe it's inequitable because, as I said, what we have here is a receivership that is not entitled to recognition, that is the one that requested and is receiving recognition. And I think it's inequitable and improper because Chapter 15, the point of Chapter 15 is to assist a foreign proceeding. Isn't the point of Chapter 15 to recognize that if you're going to try to do some international plumbing, so to speak, the pipe coming out of Australia isn't going to fit perfectly with the pipe coming out of the United States. And you're going to have to have some joinder, some kind of a valve of some sort that recognizes that they're not perfectly aligned and which adjusts for that. I mean, 15 is set up specifically to say, isn't it, that we're going to recognize something if it's close enough. Unless it's so far out there that we can't in good conscience deal with it, we're going to recognize those foreign insolvency proceedings and respect them and try to work with them. Am I wrong about what the design is? Absolutely not. Okay, so the fact that there's a receivership going on at the same time of the liquidation, that really shouldn't be such a big deal. It's just two different systems working somewhat differently. But as long as the liquidation is going on and it's a collective proceeding, it is what it is. Let me ask you a more precise question. My last one evidently wasn't getting to where I'm trying to get you to talk about. And that is, you make this assertion that what we're talking about is not the property of the debtor, that it's just not owned by ABC. Why don't you respond to the argument, if you would, that they still have certain rights, including equitable rights, so it isn't bare legal title? That the liquidators still have? ABC still does. ABC. My understanding of this is that when the receivers were appointed, they take possession. They get the beneficial interest of those assets. They get to realize those assets. I don't know what to call that other than an equitable interest. Where do we look to find the definition of property of the debtor? Property of a debtor or property of the estate. I said property of the debtor. Where do we look to find the definition of property of the debtor? I believe that section 541 of the code defines, 541D is the one I cited in my briefs, that defines property of the debtor. And it excludes from that definition property in which the debtor only holds legal title. Why don't we look at Australian law? Well, this is a proceeding under Chapter 15. And a proceeding under the U.S. Bankruptcy Code. In connection with an Australian bankruptcy where Chapter 15, as Judge Jordan was saying, tries to coordinate when you have international bankruptcies. Why don't we look to the definition in the code adopted by the United Nations? Similarly adopted by the Australian business law, where property of the debtor, as defined, would fit the assets in question here. It has been interpreted by some high courts in Australia, not with the same set of facts. It seems to indicate that the property would still reside with ABC here until it is sold and transferred. I would still submit that what ABC is holding, there isn't an actual transfer of title, be it legal or equitable. But ABC doesn't have any access to its assets. The receivers are realizing those assets and running the day-to-day business of the company. And I think I cited in the brief an Australian treatise that said the practical effect of the appointment of a receiver is to give the secured creditors equitable interest. And I guess that's what I'm arguing here. Even if it gives them equitable interest, it doesn't wipe out every shred of equitable interest that the company has, does it? There's this equitable redemption that they retain. There's a continuing right to appeal to the court if there's a problem, right? Well, there are these rights that the liquidators, I suppose, retained to investigate for pre-insolvency fraud. And they had been doing that. And they had these rights in the event that they found fraud to attack the charges that the receivers are now holding. But we don't have to suppose it. In law, they continue to have a right. If somebody were to swoop in and say, here's a billion dollars, I love your business, let's keep it going, they could pay off the creditors. And that title they've got would be then all the equitable rights would be restored to it, right? Yes, that is correct. Okay, well, that seems like a real and a serious equitable interest. Is it not? Well, I still think that under the circumstances we have here, the receiver's interest is the dominant interest. And I guess it gets back to my point that they are the ones getting the benefit of recognition. The receivers are the only ones getting the benefit of recognition. And I guess that is where my problem is with this case. Let me ask you another question. Assuming you were right on all this, doesn't it upend the U.S. Bankruptcy Code and the priority that secured creditors have? I mean, you as an unsecured creditor and other unsecured creditors could come in and just change the nature of the priorities. No, and the reason why is because, and I know you may not like this argument, but if this just had been a receivership, then we wouldn't have any problem with this. That a receivership by itself can't be recognized. And I don't think it's going to upend much of anything because the unsecured creditors in this case are not going to get anything. It's not, it isn't just a receivership, so I'm not sure why you keep going back to that. Here's what, I'm not going to put words in Judge Sirica's mouth, but what he's saying prompts me to wonder, how is it that you think that it's okay for you to say, you know what, for purposes of the lawsuit we've got here in the United States, ABC owns that stuff. For purposes of the bankruptcy in our priority, ABC doesn't own that stuff. They accuse you of speaking out of both sides of your mouth. You take a pass at it in your reply brief, but you want to take another crack at why that's not a fundamentally inconsistent position to take? Well, I'm not submitting that ABC does not still have the legal title, and if we were to go attach those assets, yes, we would go after ABC. I'm just saying that the receivership here and the issue is the receivership's domination of these proceedings and the fact that it is the one that is really driving this recognition proceeding. So they own it enough for you to go get it, but they don't own it enough to have the priority to which law entitles them. That's where you come down. Well, they don't own it enough to get recognition under Chapter 15. Thank you. Thank you. We'll have you back on right now. Mr. Seif? Good morning. May it please the Court. Howard Seif from the law firm of Chad, Warren & Park, representing the Appalese, ABC Learning Centers, ABC US Holdings. I think your honors have put your fingers on our responses to RCS's arguments. The liquidators brought this Chapter 15 proceeding for the precise purpose of getting the benefit of the automatic stay, and it did that consistent with US policy that creditors, unsecured creditors, should all be treated equally and should be able to share in the proceeds of an estate pro rata. Well, the assertion is that they're not going to be treated that way because the receivership swamps everything. That's the point they keep driving at consistently. So what's the response to the argument that this is, in effect, no different than had there been no liquidation? It's only, in reality, a receivership, and to treat it any differently is to close one's eyes to reality. Well, first, secured creditors have rights. They have rights in the United States under the bankruptcy laws. They have priorities. Their argument isn't that you don't have rights. It's that this is no longer a collective proceeding. Looked at correctly, this is not a collective proceeding, and therefore you should not have the benefit of Chapter 15. Well, I would turn back to several of the issues which your honors have raised. Judge Roth asked, well, what if it's a situation where the secured creditors are oversecured and their liens can be satisfied out of the collateral? Well, in that situation, then, there will be proceeds for the estate, and the liquidators have the duty and the right to get back the excess assets to distribute on secured creditors. That's consistent with U.S. policy. Also, the testimony came out during the Chapter 15 case that liquidators have fiduciary duties. They have fiduciary duties to all creditors, unsecured and secured, and that's why they brought these proceedings. That's part of their duties. They are pointing us not to theoretical things, but to things they say ought to be more important to us, things that are actually happening, like the liquidators never making any application to the court about what's happening with the assets and the time for that expiring. The liquidators not seeking recognition until prodded by the receivers. The receivers are, in every meaningful sense of the word, driving this ship. So why doesn't that argument carry weight? That this is, yeah, there's a liquidation, but everybody knows there's nothing left. It's all the secured creditors. What's wrong with that argument? Well, there's one very immediate response in this case, and we've made a motion to Your Honors to supplement the record to point out that the liquidators have commenced a lawsuit against the banks seeking to set aside their lien. Can we pay attention? I'm sorry. I acquired it from you, Judge Roth. To set aside the floating charge. That's not in the record, right? Well, the motion is pending. It hasn't been ruled on. But the record, as of the close of the proceedings before the bankruptcy court, the liquidators were still investigating whether they were going to bring those claims, and that was part of the record. Counsel brought up the lapse of the statute of limitations as to some of those claims, which occurred after the proceedings before the bankruptcy court. But now that suit has been brought. So we're no longer in the realm of the theoretical. The liquidators are seeking to recover assets for the benefit of unsecured creditors. That's their charge, and that's their fiduciary duties. What is the effect of Section 541, 541D? Does it apply in this kind of a case when we have it stay? No, I don't think it does, Your Honor. I think to determine property of the debtor, which is different than property estate, which is 541, we have to look at the local law where the property resides, where the liquidation is located, where the rights of the receivers reside. And that's Australia. And the testimony of the three experts that appeared at our two-day trial were all consistent. They all said the property resides with the liquidators. The receivers have a license, as they termed it under Australian law, to liquidate the assets. But title, both legal and equitable, and that's the consistent testimony, even of the expert of RCS, is that title resides with the debtors. That's property of the debtors. And we cite a case of New South Wales, which says flat out, legal and equitable title remains with the debtors. So we fit perfectly under the statute of Chapter 15, which talks about the stay, the unamaxed stay, applying to the property of the debtors. If the circumstances were such that it was clear that there was no equitable title, only bare legal title in ABC, even if Australian law said that's good enough, it's property of the debtor, would 541D still be something we would have to pay attention to and say, even if Australian law recognizes that as property of the debtor, it's fundamental to our system of bankruptcy to not recognize that? Well, there is an exception in Chapter 15, Section 1506, which is the public policy exception, which perhaps Your Honor is alluding to. But that standard is so high, it has to be manifestly contrary to the public policy of the United States. And does 541D express a fundamental policy that if somebody has nothing at all except for a bare legal title, is that the kind of thing that that public policy exception in Chapter 15 does not get at? Not at all, Your Honor. First, it's a hypothetical situation, which we don't have, because Australian law is quite clear. But secondly, manifestly contrary to public policy is supposed to deal with the most fundamental principles of the United States. In the Fedra case, the Southern District in New York was faced with that argument in Chapter 15. And it was a case where a Canadian insolvency proceeding took away the right to jury trial to bring certain tort cases. And Judge Rakoff said, you're getting a fair trial, and you're getting a fair shot at proving your claim in Canada, even though our Constitution may recognize the right to a jury trial. Other jurisdictions around the world don't, yet you get justice and you have due process. So that's the kind of level of manifestly contrary to public policy hurdle that must be met here. And I don't think we come close to that, particularly since 541A talks about the estate being very broadly defined as all legal and equitable title. D is just a very narrow exception, so I wouldn't overly focus on that. It was designed to deal with the trading and mortgage securities. So to meet the public policy exception here is a burden which the appellant certainly cannot meet. Does U.S. property law have any application in this case at all? We look entirely to Australia. I think we look to Australia. That is consistent with a Third Circuit case, which is cited in the Sharon Steele bankruptcy case. That was a property estate case. It involved a lien under municipal law, tax law, and the court there, the Third Circuit, looked at local law, state law, to determine property rights. I think that's what you do. The cases are pretty consistent in that. And that's why we look to Australia law. And that's why we had the three expert witnesses ask that question, who owns the property, and they all said the debtors. And there was no equivocation whatsoever. To do otherwise here would mean that in every Chapter 15 case, you put a burden on the bankruptcy court of trying to determine the value of the property subject to the lien, the value of the liens, the merits of claims to set aside liens. That's not the purpose of an ancillary bankruptcy proceeding. The purpose is to assist the foreign court under principles of comedy. And I think under those principles, the bankruptcy court did the right thing, and the district court affirmed and specifically found that under Australian law, property resides with the debtor in this case. So to rule otherwise would reject recognition of a sister common law jurisdiction, Australia, and I think it would significantly set back principles of comedy and what Chapter 15 is designed to promote. And what's unique about Chapter 15 is 1501 sets forth the purposes of the statute. And ordinarily, we don't see that in legislation, and that's because this is a model law. It's been adopted by some 20 countries, including Australia, and it was promulgated by the UNSATRAL organization of the UN. The premise, though, is that 15 is to recognize collective actions, right? Yes. And I mean, that gets back to the drum your opponents keep beating, which is that that's just not what we've got here. What we've got here is a circumstance where the receivers are in complete control. It's not as if in the United States you had competing classes of creditors who were negotiating to get different things. The banking syndicate's getting it all, and nobody else is getting anything by their view of the world. In what meaningful sense is that a collective action? The receivership is not a collective action. Receiverships cannot get recognition under Chapter 15. Their point exactly, that the receivership here has taken all the oxygen out of the room. Now, I know you've said that's not true, there's this lawsuit, and whether or not that's going to be in the record or not is something I guess we'll be deciding. But based on the record that does exist before us, how are they wrong? What is the equitable interest that's still retained by ABC? What are the rights that the liquidators are still looking out for? Well, if we're going to stick with the record, the record as it closed in the bankruptcy court was those claims were still being investigated. So if we're going to be fair to both parties, I think we need to be fair. And that lawsuit is now pending. But I think to create a general rule that liquidation from Australia cannot be recognized, if there's a pending receivership, would be extremely bad precedent. Well, not just a pending receivership. I think their point is a receivership under circumstances where they're, by their accounting, there's nothing left to be done. There's nothing else there. They get it all, period. That's what they keep telling us. Are they wrong about that? There's nothing in the record to suggest that will be the ultimate result. The liquidators testified that unless they're successful in their action, that it's unlikely there'll be recoveries for unsecured creditors. But that's this case. Another case, as Judge Roth pointed out, the secured creditors may be oversecured. Are we going to put the burden on the bankruptcy court to make that determination before granting recognition? Recognition is supposed to be automatic. You meet the requirements. You establish that you have a foreign proceeding. And the bankruptcy court was very careful to go through the seven steps to get recognition as a foreign proceeding. And it is without a doubt, as Judge Sirica pointed out, that liquidation proceedings are collective proceedings. There is substantial testimony as to the jobs of the liquidators. There's a creditors committee that was formed, committee of inspection it was called. There was a meeting of creditors. Dozens and dozens of creditors showed up with $2 billion of claims. It's the very definition of a collective proceeding. And the fact that there's a parallel receivership where the secured creditors are attempting to assert their rights doesn't change that. So we would ask that the decisions below be affirmed and that equity be granted, comity be granted to the proceedings in Australia. Any other questions? Thank you very much. Chance. I think Judge Jordan got at the rule that we are looking for for this case. It is not that every time there is a receivership and a liquidation in a foreign proceeding, you must deny recognition. It is when there are two insolvency proceedings and one of them, as the receivership in this case is non-collective or otherwise doesn't qualify as a foreign proceeding under 101-23 of the code,  dominates and is the sole beneficiary of recognition. Answer the point that your opponent is making that that just is an unworkable rule and contrary to the nature of Chapter 15, which requires recognition in a formalistic way. Does it invite us to get into an inquiry about just how over-secured you happen to be? I don't perceive that inquiry as being particularly difficult. You could put at an evidentiary hearing the foreign representative on the stand and say how many of your assets are subject to charges or liens and how much do the secured creditors have. If you have a case where the secured creditors only have a portion of the assets, where they are only controlling a portion of the assets, then recognition, I should say, is probably more appropriate in that case. But where you have a situation where the non-collective proceeding is controlling all the assets and getting all the benefit, then you perhaps should not have recognition or should at least limit it to whatever right the subordinate collective proceeding has. Isn't one of the purposes of our bankruptcy code and I think also of the Australian bankruptcy code is that the unsecured creditors get an even break, an even chance? And aren't you, by trying to get around the automatic stay here in the United States, trying to get a heads up over the other unsecured creditors? No. I think that the other unsecured creditors can come over here and make claims against the receivership. I guess we only get a leg up insofar as we happen to be closer to the American assets than other unsecured creditors. So in your point of view, it makes no difference whether what you are doing has an effect on the other unsecured creditors? I don't believe what we are doing has an effect on the unsecured creditors because there is not going to be any distribution to the unsecured creditors in this case. The receivers have it all. I see that I'm out of time, so I would ask again that the bankruptcy court's recognition order be either vacated or modified. Good. Thank you, Mr. LeChance. The case was very well argued. We will take the matter under advisement. Thank you, counsel, very much.